UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

RENIA ALLISON,

      Defendant.

DECISION AND ORDER
05-CV-193A

## BACKGROUND

On August 25, 1999, the Court sentenced petitioner Renia Allison to 185 months of imprisonment, comprised of 125 months of imprisonment for his bank robbery conviction in violation of 18 U.S.C. § 2113 (d), and 60 months of imprisonment, to be served consecutively, for his conviction for possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Judgment was entered on September 8, 1999.

Petitioner appealed his sentence to the United States Court of Appeals for the Second Circuit. On April 6, 2000, the Second Circuit denied his appeal. See United States v. Allison, 210 F.3d 358 (table), 2000 WL 357673 (2d Cir. 2000).

On April 25, 2001, petitioner filed a motion pursuant to 28 U.S.C. § 2255, to vacate his conviction. On April 2, 2002, he moved to withdraw that

1

motion without prejudice. The Court granted the motion to withdraw on April 19, 2002.

On March 22, 2005, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, again seeking to vacate his sentence. In his motion, petitioner argues that the sentence imposed on August 25, 1999, is unconstitutional in light of the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

On May 12, 2005, the government moved to dismiss the motion on the ground that Booker does not apply retroactively to the petitioner's motion. On June 13, 2005 and July 15, 2005, the petitioner filed a reply to the motion to dismiss. For the reasons stated, the motion to dismiss is granted.

## DISCUSSION

In Booker, the Supreme Court held that the United States Sentencing Guidelines violated the Sixth Amendment to the extent that they permitted a judge to increase the maximum sentence authorized by a guilty plea or a verdict based on judicial findings. See Booker, 125 S. Ct. at 755-56. The Court further held that the "remedy" for this constitutional violation was to make the Guidelines advisory, rather than mandatory. Id. at 756-57. Finally, the Court expressly ruled that its holding in Booker was applicable to all cases pending on

2

direct review. Id. at 769. The Court did not address the issue of whether Booker should be applied retroactively to cases on collateral review.

In Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), the Second Circuit addressed the retroactivity issue and held that Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Id. at 141.

Petitioner Allison's conviction became final on July 6, 2000,[1] long before Booker was decided. Accordingly, Guzman is dispositive of his claims and therefore, the petition must be dismissed.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is granted and the petition is dismissed. Further, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right and therefore denies his request for a certificate of appealability.

---

[1] See Clay v. United States, 537 U.S. 522 (2003) (holding that, in the context of post-conviction relief, a conviction becomes final when a petition for a writ of certiorari is denied, or when the time for filing a certiorari petition expires). The petitioner did not petition for writ of certiorari. Therefore, his conviction became final on July 6, 2000, when the 90-day period for filing a certiorari petition expired.

IT IS SO ORDERED.

                     /s/ Richard J. Arcara
                     HONORABLE RICHARD J. ARCARA
                     CHIEF JUDGE
                     UNITED STATES DISTRICT COURT

DATED: December 20, 2005